FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 26  AM 11: 24

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES SMALL | CIVIL ACTION |
| VERSUS | NO. 06-2025 |
| WARDEN THOMAS | SECTION "C"(4) |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.  **Factual Summary**

The plaintiff, James Small ("Small"), is currently housed in the Winn Correctional Center, in Winnfield, Louisiana. The plaintiff submitted this *pro se* and *in forma pauperis*[1] civil rights complaint pursuant to Title 42 U.S.C. § 1983 against the Warden of J. Levy Dabadie Correctional

---

[1] The Court directed the Clerk by separate Order to file this complaint without prepayment of a filing fee. However, the application for pauper status is deferred to the Western District of Louisiana for determination and collection under to Title 28 U.S.C. § 1915.

___ Fee _____
___ Process _____
_X_ Dktd _____
_✓_ CtRmDep _____
___ Doc. No _____

Dockets.Justia.com

Center. Small claims that he was subjected to verbal and physical abuse by the Warden and his staff at J. Levy Dabadie Correctional Center. He requests monetary damages and injunctive relief.

## II.  The General Venue Statute

Title 42 U.S.C. § 1983 does not contain a specific venue provision. Venue, however, is determined under Title 28 U.S.C. § 1391, also known as the General Venue Statute. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The General Venue Statute at § 1391(b) provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district where (1) **any defendant resides**, if all defendants reside in the same State, (2) a substantial part of the **events or omissions** giving rise to the claim **occurred**, or (3) **any defendant may be found**, if there is no district in which the action may otherwise be brought.

Pursuant to Title 28 U.S.C. § 1406(a) and § 1404(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). Having reviewed the record, the Court finds that venue in the Eastern District of Louisiana is improper.

## III.  Proper Venue

Small alleges a cause of action arising from events occurring at J. Levy Dabadie Correctional Center, which is located within Rapides Parish in the State of Louisiana. Plaintiff names only one defendant, the Warden of J. Levy Dabadie Correctional Center. The defendant may be found in the Western District of Louisiana. Title 28 U.S.C. § 98(c). Small does not allege any legal or factual basis to maintain venue in the Eastern District of Louisiana. Therefore, the Court finds that it is in

the interest of justice and fairness to the parties that this civil action be transferred to the Western District of Louisiana for further consideration.[2]

IV.   **Recommendation**

It is therefore **RECOMMENDED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 26th day of April, 2006.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[2] The recommendation of transfer is not an indication that the claims presented have merit.

3